```
             UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF WEST VIRGINIA
                     AT CHARLESTON
```

UNITED STATES OF AMERICA

v.                              CRIMINAL ACTION NOs. 2:12-00057
                                                    2:15-00043

DEANGELO CANN

### SUPERVISED RELEASE REVOCATION AND JUDGMENT ORDER
### MEMORANDUM OPINION AND ORDER

On December 8, 2021, the United States of America appeared by Ryan A. Keefe, Assistant United States Attorney, and the defendant, Deangelo Cann, appeared in person and by his counsel, Brian D. Yost, for a hearing on the petition, seeking revocation of supervised release submitted by United States Probation Officer Patrick M. Fidler.  The defendant commenced a three-year term of supervised release in criminal actions 2:12-00057 and 2:15-00043 on December 31, 2020, as more fully set forth in the Judgment in a Criminal Case Orders entered by the court on June 5, 2013, and October 6, 2017, respectively.

The court heard the admissions of the defendant and the representations and argument of counsel.

For reasons noted on the record of this proceeding, which are ORDERED incorporated herein by reference, the court found by a preponderance of the evidence that the defendant has violated the conditions of supervised release in the following respects: (1) on September 4, 2021, the defendant possessed, with the intent to distribute, 441 grams of a methamphetamine mixture; and (2) on April 13, 2021, the defendant's supervision was transferred to the Western District of North Carolina, and on September 4, 2021, the defendant was arrested in Mercer County, West Virginia, when he did not have permission from the court or his probation officer to be outside of the Western District of North Carolina; all as admitted and all as set forth in the petition.

And the court finding, as more fully set forth on the record of the hearing, that the violations warrant revocation of supervised release in criminal action 2:12-00057, and, further, that it would unduly depreciate the seriousness of the violations if supervised release were not revoked, it is ORDERED that the supervised release previously imposed upon the

defendant in criminal action 2:12-00057 be, and it hereby is, revoked. The court further finds that it is appropriate to leave the supervised release in criminal action 2:15-00043, undisturbed.

And the court having complied with the requirements of Rule 32.1(b)(2) and (c)(1) of the Federal Rules of Criminal Procedure, and finding, after considering the factors set forth in 18 U.S.C. § 3583(e), that the defendant should be confined to the extent set forth below, it is accordingly ORDERED that the defendant be, and he hereby is, committed to the custody of the United States Bureau of Prisons for imprisonment for a period of **TWENTY-FOUR (24) MONTHS**, with no further term of supervised release in criminal action 2:12-00057. The supervised release in criminal action 2:15-00043 remains with the same terms and conditions as heretofore.

The defendant was remanded to the custody of the United States Marshal.

The Clerk is directed to forward copies of this written opinion and order to the defendant, all counsel of record, the United States Probation Department, and the United States Marshal.

DATED: December 29, 2021

John T. Copenhaver, Jr.
Senior United States District Judge

4